NEW YORK HOUSE WRECKING CO. v. FRIEDMAN.

(Supreme Court, Appellate Term.   May 27, 1912.)

1. EVIDENCE (§ 424*)—TESTIMONY AFFECTING WRITTEN AGREEMENT—ADMISSIBILITY.

The rule that a written agreement cannot be contradicted by parol evidence, as between the parties to such agreement, does not preclude contradiction in a suit brought by a third person.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 1966–1968; Dec. Dig. § 424.*]

2. SALES (§ 480*)—ACTION FOR PRICE—EVIDENCE.

In an action for the price of building material sold conditionally by plaintiff to its president as an individual, and claimed by defendant under assignment, the assignment agreement was properly admitted in evidence, since, if the transfer was made as defendant claims, plaintiff could not recover; plaintiff being entitled to show, on the contrary, that there was no such assignment, except upon defendant's promise to pay for the material if he used it.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 1439–1448; Dec. Dig. § 480.*]

Appeal from Municipal Court, Borough of Manhattan, Ninth District.

Action by the New York House Wrecking Company against Edward Friedman.  Judgment for defendant, and plaintiff appeals.  Reversed, and new trial granted.

Argued May term, 1912, before SEABURY, LEHMAN, and PAGE, JJ.

Gustav Gunkel, of New York City, for appellant.

Edward Potter, of New York City, for respondent.

LEHMAN, J.   The plaintiff's president, Mr. Benjamin, in July, 1911, was engaged in erecting a theater on premises in 110th street. Apparently this transaction was purely individual, and the plaintiff company had no interest in it.   At that time the plaintiff company was engaged in wrecking a building on Fifty-First street, and the officer in charge of that job testified that he called up Mr. Benjamin on the telephone, and "I asked him if he could use any of the beams that I had on the Fifty-First street job, and he said that if I did not want to send them to the yard that I could send them up to him at 110th street, and if he could use them he would pay for them, and if not we could take it back again."   The beams were sent to the job at 110th street, and remained there for some months.   Then Mr. Benjamin abandoned the work he was doing there and conveyed his lease to the defendant.   A written agreement was made by Benjamin and the defendant, wherein it was agreed that Benjamin assigned to the defendant all materials on the premises, and this agreement was introduced in evidence.   Thereafter Benjamin testified that at the time this agreement was made he specifically excepted the beams sent to him by the plaintiff company, and defendant agreed to pay for these beams if he used them.   This testimony was stricken out, on

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

the ground that it contradicted the written agreement between Benjamin and the defendant.

[1, 2] It is well established that written agreements may not be contradicted as between the parties to the agreement; but in this case the agreement in writing was made by Benjamin individually, and the plaintiff company was not a party to it. In my opinion the agreement was properly received in evidence, for a conditional sale of the lumber had been made to Benjamin, and if in fact he transferred this lumber to the defendant the plaintiff could not recover in this action. The agreement was not, however, absolutely binding on plaintiff, and it should have been permitted to show that Benjamin did not actually, in his individual capacity or as president of the plaintiff, assign this lumber to the defendant, except upon his express promise to pay for it if he used it.

Judgment should be reversed, and a new trial granted, with costs to appellant to abide the event. All concur.